UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Richard Wagner**, | ) |
| Plaintiff, | ) Case No. 2:20-cv-6386 |
| v. | ) |
| **BETHEL RUBEN CENTER LLC,** an Ohio limited liability company | ) Judge<br>) Magistrate Judge |
| **And** | ) |
| **Bethel-Ruben Limited partnership,** an Ohio limited partnership | |
| Defendant. | |

NOW COMES Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, who hereby files this Complaint against the named Defendants for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1.  This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Richard Wagner, is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants, Bethel-Ruben Limited Partnership and Bethel Ruben Center LLC, upon information and belief, own the real estate and operates the shopping center business located at 1440-1540 Bethel Rd., Columbus, OH 43220 in Franklin County, Ohio, which is a shopping center called Bethel Center. Plaintiff has patronized Defendants' property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the facility owned or operated by the Defendants is non-compliant with the remedial provisions of the ADA. As Defendants either own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are

      responsible for complying with the obligations of the ADA.  Defendants' shopping center is a place of public accommodation.  Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Wagner is a paraplegic and permanently uses a wheelchair for mobility.  As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Wagner is a current Delaware County, Ohio resident.  As such, he frequents the restaurants, retailers, parks, and other establishments of the Delaware county area, including the Defendants' property that forms the subject of this complaint.

9. On or about September 25, 2020, December 3, 2020, and on many prior occasions dating back for several years, Plaintiff has patronized the Defendants' shopping center property and the retailer and restaurants therein, and as his past patronage demonstrates, he plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety and protected access to Defendants' place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access;

proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the shopping center, encountered barriers to access at the shopping center, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendants have discriminated, and is continuing to discriminate, against the

      Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the shopping center owned or operated by Defendants has shown that many violations of the ADA exist at the subject property.  These violations include, but are not limited to:

Accessible Routes and Parking

    A. There are excess slopes and cross slopes on the accessible routes leading from the accessible parking to the retail entrances, in violation of the ADA whose remedy is readily achievable.

    B. There are cracks and changes in level in excess of ¼ inch along the accessible routes throughout the shopping center, in violation of the ADA whose remedy is readily achievable.

    C. There are cracks and changes in level in excess of ¼ inch on the designated accessible parking surface and in parking spaces and their adjoining access aisles, in violation of the ADA whose remedy is readily achievable.

    D. There are retail entrance door door thresholds that exceed ½ inch, in violation of the ADA whose remedy is readily achievable.

Coaches Bar & Grill:

    E. There is no lowered portion of the bar for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

F. Signage on the men's and women's restrooms are non-compliant, including lacking the international symbol of accessibility, and not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

G. The men's restroom lacks required maneuvering clearance at the latch side to exit the restroom, in violation of the ADA whose remedy is readily achievable.

H. The men's restroom urinal is not mounted at the required height, in violation of the ADA whose remedy is readily achievable.

I. The men's restroom lavatory lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

J. The men's restroom mirror is located above allowable height above the finish floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

K. The men's restroom paper towel dispenser is located above allowable reach range and a trash receptacle is blocking the clear floor space for a forward approach to the towel dispenser, in violation of the ADA whose remedy is readily achievable.

L. The men's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

M. The men's restroom toilet compartment does not have required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

N. The men's restroom toilet compartment door is not self-closing, lacks door pulls on both sides, and swings into the required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

O. The coat hook inside the men's restroom toilet compartment is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

P. There is no rear grab bar around the men's restroom water closet and the side grab bar is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

Q. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Meshiko Chikin:

R. The service counter exceeds the allowable height range and has no lowered portion for customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

Meshiko:

S. Signage on the men's and women's restroom is non-compliant and lacks the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

T. The men's restroom contains missing and non-compliant grab bars around the water closet, in violation of the ADA whose remedy is readily achievable.

U.  The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

V.  The men's restroom mirror is located above allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

W.  The men's restroom coat hook is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

X.  Furniture in the men's restroom blocks the required maneuvering clearance at the latch side to exit the restroom, in violation of the ADA whose remedy is readily achievable.

Y.  Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

On Tap Pub

Z.  There are no accessible seated or standing dining surfaces for customers who use wheelchairs anywhere in the establishment, in violation of the ADA whose remedy is readily achievable.

AA.  There is no lowered portion of the bar for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

BB.  Signage on the men's and women's restroom is non-compliant and lacks the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

CC. The men's restroom urinal is not mounted at the required height range, in violation of the ADA whose remedy is readily achievable.

DD. The men's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

EE. The men's restroom lavatory lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

FF. The men's restroom lavatories lack required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

GG. There are amenities, including a paper towel dispenser, mounted above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

HH. The men's restroom mirror is located above the allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

II. The coat hooks inside the men's restroom are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

JJ. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Mr. Hummus Grill

KK. Signage on the men's and women's restroom is non-compliant and lacks the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

LL. The grab bars around the men's restroom water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

MM. The pedestal lavatory in the men's restroom lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

NN. The men's restroom mirror is mounted above allowable height range above the finish floor, in violation of the ADA whose remedy is readily achievable.

OO. The coat hook located in the men's restroom is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

PP. The urinal in the men's restroom is located above allowable height range, in violation of the ADA whose remedy is readily achievable.

QQ. The urinal in the men's restroom impedes the required maneuvering clearance at the latch side to exit the restroom, in violation of the ADA whose remedy is readily achievable.

RR. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Wali Dessert

SS. The inside vestibule entrance door lacks required maneuvering clearance at the latch side, in violation of the ADA whose remedy is readily achievable.

OTHER TENANT SPACES

        TT. Upon information and belief based on previous years of patronage, Mr. Wagner states there exist additional barriers to handicap access in most tenant spaces at this shopping center.

Policies and Procedures:

        UU.   The Defendants and operators lack or have inadequately defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

        VV.   The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

15.   The discriminatory violations described in Paragraph 14 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation.  Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The shopping center at issue, as owned or operated by Defendants, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the restaurant accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff

requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendants operate and own a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendants have committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The defendants' acts are willful, severe and ongoing. WHEREAS, the Defendants have failed provide accessible public accommodations and accessible routes for Mr. Wagner and other patrons throughout its center and fail to supervise tenant spaces to confirm compliance with applicable laws and verify services and restroom facilities at its bar/restaurant tenant locations are compliant and available for use by the retail center's patrons with disabilities. Upon information and belief the Defendants' were sued previously for similar accessible route barriers and failed to remedy them or fail to maintain them as required by law and demonstrate willfulness of the non-compliance.

24. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable

alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff*:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 – Facsimile
valeriefatica@gmail.com
Co-Counsel for Plaintiff